UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EDWARD TERRELL, JR.
#249642,

    Plaintiff,                                                Hon. Robert J. Jonker

v.

JEFFRRY S. GETTINGS,                         Case No. 1:24-cv-711

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DISMISS** Plaintiff's complaint on the basis of immunity and for failure to state a claim.

### I. Background

Plaintiff is currently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. The events about which Plaintiff complains, however, occurred in Kalamazoo County, Michigan, and relate

to his 1995 prosecution. Public records indicate that Plaintiff is serving a life sentence after being convicted by a jury in Kalamazoo County of two counts of armed robbery, two counts of first-degree murder, four counts of felony-firearm, and one count of possession of a firearm by a felon. *See* Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=249642 (last visited Dec. 8, 2024). Plaintiff sues Kalamazoo County Prosecutor Jeffrey S. Gettings, as well as Kalamazoo County Assistant Prosecutors Karen M. Hayter and Heather S. Bergmann.

In his complaint, Plaintiff alleges that the indictment that led to his prosecution was returned by a grand jury on July 12, 1995. (ECF No. 1 at PageID.3.) The Kalamazoo County Circuit Court contemporaneously issued a warrant for Plaintiff's arrest. (*Id.*) Plaintiff claims that on July 14, 1995, Defendant Hayer "conducted an invalid arraignment procedure under the 1995 unamended version of MCL 600.8311(c) in the district court, a court which lacked subject-matter jurisdiction over the charges in the Grand Jury Warrant." (*Id.* at PageID.4.) Plaintiff suggests that he should have had his arraignment in the Circuit Court. (*Id.*) Plaintiff argues that Defendants "engaged in the illegal act of removing the Grand Jury Indictment . . . to remain in the Circuit Court where it was filed, and using this indictment to substitute for the absence of a criminal complaint in district court to feign jurisdiction . . . for arraignment purposes." (*Id.*)

Plaintiff contends that the lack of jurisdiction "rendered all of the district court's procedures null and void, including the arraignment procedure over the charges in the Grand Jury Warrant." (*Id.*) He asserts that Defendants' actions violated his Sixth and Fourteenth Amendment rights. (*Id.*) Plaintiff seeks declaratory relief, as well as an injunction "compelling Defendants to comply with the Plaintiff's [c]onstitutional [r]ight to be informed of the nature and cause of the accusations

2

through an arraignment procedure on the Grand Jury Warrant as required by MCL 767.37." (*Id.* at PageID.5.)

## II.  Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As noted above, Plaintiff alleges violations of his Sixth and Fourteenth Amendment rights due to the allegedly invalid arraignment procedure.

As an initial matter, Plaintiff's complaint essentially suggests that he was convicted in the absence of subject-matter jurisdiction because his arraignment was conducted in the district court, not the circuit court. Thus, Plaintiff's complaint is "challenging the legality of his [convictions] and sentence." *Georgacarakos v. Ormond*, 697 F. App'x 443, 445 (6th Cir. 2017). When a prisoner challenges the fact or duration of his confinement based upon an allegedly invalid conviction or sentence, his sole remedy is a petition for habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [42 U.S.C.] § 1983."). The Sixth Circuit recently elaborated on when a prisoner must use habeas corpus under these authorities:

> A clear and consistent two-part rule emerges from this precedential backdrop. Prisoners can "use only habeas corpus" if "they seek to invalidate the duration of

their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson* [*v. Dotson*], 544 U.S. [74,] 81, 125 S. Ct. 1242 [(2005)].

*Kitchen v. Whitmer*, 106 F.4th 525, 539 (6th Cir. 2024).

Although Plaintiff does not explicitly seek release, his argument concerning the lack of subject-matter jurisdiction necessarily implies "the unlawfulness of the State's custody" over him. Thus, Plaintiff must pursue the relief he seeks in a habeas corpus petition. Moreover, the Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under Section 1983 until the conviction or sentence has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck*, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original) (citing *Heck*, 512 U.S. at 486–87). As the Supreme Court has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82.

Here, Plaintiff essentially seeks declaratory and injunctive relief on the premise that he has been unlawfully confined. His confinement would only be invalid if the judgment of sentence entered by the Kalamazoo County Circuit Court was invalid. Unless and until that judgment is

5

invalidated, Plaintiff cannot obtain the relief he seeks. Therefore, Plaintiff has failed to state a claim upon which relief may be granted,[1] and his complaint is properly dismissed.

Plaintiff's complaint is also properly dismissed on the basis of sovereign and prosecutorial immunity. Plaintiff has named the Defendants, all of whom are Kalamazoo County prosecutors, in their official and personal capacities. Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690, n.55 (1978)). An official capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); s*ee also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165–66.

As prosecutors sued in their official capacities, Defendants are entitled to sovereign immunity. Although prosecutors may be elected county officials or employed by the county, prosecutors in Michigan are deemed to be state agents when prosecuting state criminal charges. *Cady v. Arenac Cnty*., 574 F.3d 334, 342–43 (6th Cir. 2009). Therefore, Plaintiff's claims against Defendants in their official capacities are essentially claims against the State of Michigan. Plaintiff may not maintain a Section 1983 action against the State of Michigan.

---

[1] A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *Kitchen*, 106 F.4th 525, 534 n.4 (6th Cir. 2024) (stating "[o]ur court, following the Supreme Court's lead, has phrased *Heck* challenges in terms of whether a § 1983 claim is 'cognizable,' which likely implies that a *Heck* challenge more properly sounds in failure to state a claim").

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Furthermore, Defendants, as prosecutors, are entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Acts which occur in the course of the prosecutor's role as advocate are entitled to the protection afforded by absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276–78 (1993); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797. Here, Plaintiff's

allegations against Defendants all focus on their roles as advocates for the State. Accordingly, Defendants are entitled to prosecutorial immunity from Plaintiff's claims against them in their personal capacities.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c) on the basis of immunity and for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Finally, if the Court adopts the foregoing recommendation to dismiss, the dismissal will be a dismissal as described by 28 U.S.C. § 1915(g).

Date: December 9, 2024         /s/ Sally J. Berens
                                SALLY J. BERENS
                                U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).